

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Railroad Commission of Texas
Austin, Texas

Gentlemen:

Opinion No. O-3272
Re: Proof on applications
for contract carrier
permits.

In your letter of July 7, 1941, you direct our
attention to that part of paragraph (d), Section 5a of H.
B. 351, 47th Leg., reading:

"Likewise, the Commission shall have
no authority to grant any contract carrier
application for the transportation of any
commodities in any territory or between
any points where the existing carriers are
rendering, or are capable of rendering, a
reasonably adequate service in the trans-
portation of such commodities."

And you request our opinion in response to these
questions:

"1. Assuming that we are hearing a contract
carrier application and the operator of a common
carrier truck or rail line should testify that he
is not rendering a service to meet the requirements
of the business concern which requires the services
of the contract carrier applicant, but that, by the
addition of trucks or schedules or train equipment,
such common carrier is capable of rendering the pro-
posed service, the authority to perform which the
contract carrier applicant is seeking, is such testi-
mony about the addition of trucks or schedules or

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

train equipment admissible or is such common carrier confined to the contention that his existing trucks, schedules and equipment are capable of rendering the service involved in the contract carrier application?

"2. Does the Commission have actual or potential power to grant a contract carrier application where it conclusively appears that the existing trucks, facilities and train equipment are not adequate to perform the services proposed by a contract carrier applicant, but where it conclusively appears that such common carriers are ready, able and willing to increase their schedules, trucks, facilities or equipment to the point where they are capable of rendering the service proposed by the contract carrier applicant?

"3. Please advise us on whom the burden of pleadings and proof lie in the matter of establishing whether or not existing carriers are rendering adequate service for the commodities sought to be transported by the contract carrier applicant.

"It has further been suggested to us that the portion of paragraph:

"'Likewise, the Commission shall have no authority to grant any contract carrier application for the transportation of any commodities in any territory or between any points where the existing carriers are rendering, or are capable, of rendering, a reasonably adequate service in the transportation of such commodities.'

refers only to specialized motor carriers by the reference to existing carriers.

"4. Please advise us if the term 'existing carriers'

means only specialized motor carriers or does it mean all carriers under the supervision of this Commission."

Our answer to your first question is that evidence tending to show that the existing carrier is ready, able and willing to obtain additional equipment to improve his service would be admissible. The difference between ownership of a truck and the ownership of money with which a truck might be purchased, in such a case, would go only to the weight of the evidence.

Under the quoted language of the act, the contract carrier permit mentioned in your second question should be denied. It is expressly provided that the contract carrier application shall not be granted, not only where existing carriers are rendering a reasonably adequate service, but also where they are capable of so doing. Hence, we think that where the existing carrier makes timely offer to improve its service, convinces the Commission and obtains findings that he is financially and physically able to make such improvement and will promptly do so, it is contemplated that such existing carrier or carriers shall be given the opportunity to remedy the defects in existing services so as to make the same adequate. We are not to be understood, however, as saying that the mere declaration of intention on the part of the existing carrier that he will acquire additional equipment and remedy the defects in his service must necessarily be taken as conclusive. Such a declaration or promise might be accepted by the Commission or it might be rejected, depending upon the individual case.

Referring to your third question, the burden is upon the applicant to show in the pleadings and by supporting proof that he should be granted the permit, including the showing that existing services are inadequate.

Our answer to your fourth question is that the term "existing carriers," as used in paragraph (d) of Section 5a, H. B. 351, has reference to all types of carriers serving the territory. There simply is nothing in the statute which seems to suggest to us that the meaning of the term should be restricted to specialized motor carriers.

APPROVED JUL 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GLR:EP

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

APPROVE
OPINION
COMMITTI
BY
CHAIRMAN